[Crim. No. 527.   First Appellate District.   January 12, 1915.]

THE PEOPLE, Respondent, v. W. A. TODD, Appellant.

CRIMINAL LAW—RAPE—SUFFICIENCY OF EVIDENCE.—In this prosecution
· for the crime of statutory rape it is held that while the evidence
is contradictory in many respects it is sufficient to sustain the judg-
ment of conviction.

ID.—EVIDENCE—CIRCUMSTANCES ATTENDING BIRTH OF CHILD.—In such
a case if the admission of the testimony of the doctor who attended
the prosecuting witness at the time of the birth of the child re-
sulting from the alleged acts of sexual intercourse between her and
the defendant, as to the manner of its delivery, was erroneous, the
error was cured where the court later ordered the testimony to be
stricken out and instructed the jury to disregard it, it being pre-
sumed that the jury obeyed the instruction.

ID.—EXHIBITION OF CHILD TO JURY.—In such a case there was no error
in permitting the child of the prosecuting witness born only a
short time before the trial, which was light complexioned, to be ex-
hibited to the jury, where prior to charging the defendant with the
crime, the prosecutrix had filed a complaint against a mulatto or
colored youth, and, notwithstanding that at the trial she insisted
that the defendant had had sexual intercourse with her and was the
father of her child, she still maintained that the mulatto had on
three different occasions attempted to ravish her, as these circum-
stances would create some doubt in the minds of the jurors as to
whether the defendant or the colored youth was the guilty party.

APPEAL from a judgment of the Superior Court of
Alameda County and from an order refusing a new trial.
F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

A. L. Frick, and P. M. Walsh, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan,
Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was charged by information
with the crime of statutory rape.  He was tried, convicted,
and sentenced to twenty-five years' imprisonment in the state
prison at San Quentin.  The present appeal is from the
judgment and order denying defendant's motion for a new
trial.

While the evidence is contradictory in many respects and is not as satisfactory or convincing as might be desired, it cannot be said that it is not sufficient to sustain the judgment of conviction.

Defendant asserts that the court committed error in permitting the doctor who attended the prosecuting witness at the birth of the child resulting from the alleged acts of intercourse between her and the defendant, to testify to the manner of its delivery. This evidence was not elaborate, but was short and couched in technical terms; and we are unable to agree with the defendant that it contained anything that would tend in any way to arouse in the minds of the jurors a feeling of horror and indignation against the defendant. But even if the admission of this evidence may be said to be error, the court having later ordered it to be stricken out, and instructed the jury to disregard it, it will be presumed that the jury obeyed the instruction, and that thus the error, if any, was cured. (*People* v. *Burke,* 18 Cal. App. 72, 102, [122 Pac. 435].)

The defendant also complains that the court over his objection permitted the child of the prosecuting witness born only a short time before the trial to be exhibited to the jury. We think this evidence was admissible. Prior to charging the defendant with the crime the prosecutrix had filed a complaint against one Earl Platt, a mulatto or colored youth; and notwithstanding that at the trial she insisted that the defendant had had sexual intercourse with her and was the father of her child, she still maintained that Earl Platt had on three different occasions attempted to ravish her. Naturally under these circumstances some doubt would be created in the minds of the jurors as to whether the defendant or the colored youth was the guilty party. The child was light complexioned; and the jury's inspection of it was for the purpose of giving them an opportunity to compare its appearance with that of the defendant as an aid to determining the question of its paternity. The competency of this character of testimony finds authority in the case of *People* v. *Richardson,* 161 Cal. 552, 561, [120 Pac. 20].)

The judgment and order are affirmed.